# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** <br><br> **ANTONIO CARDENAS,** <br><br> Debtor. | **Bankruptcy Case No.** <br> **10-00327-JDP** |

_____

| | |
|---|---|
| **JEREMY GUGINO,** <br><br> Plaintiff, <br><br> vs. <br><br> **ANTONIO CARDENAS,** <br><br> Defendant. | Adv. Proceeding <br> No. 10-6091-JDP |

_____

## MEMORANDUM OF DECISION
_____

Appearances:

   Jeremy Gugino, Boise, Idaho,  Chapter 7 Trustee.

   Lisa B. Boman,  Nampa, Idaho, Attorney for Defendant.

MEMORANDUM OF DECISION – 1

*Introduction*

After a trial in this adversary proceeding, the Court is once again asked to revoke a chapter 7[1] debtor's discharge for willfully failing to turn over tax refunds to the trustee. The Court has considered the submissions of the parties, the testimony presented, the arguments of counsel, as well as the applicable law. This Memorandum resolves the issues raised in the adversary proceeding and constitutes the Court's findings and conclusions. Fed. R. Bankr. P. 7052.

*Findings of Fact*

On February 13, 2010, Defendant Antonio Cardenas (hereafter for clarity "Debtor") filed a chapter 7 bankruptcy petition; Plaintiff Jeremy Gugino ("Trustee") was appointed to serve as case trustee.

On February 18, 2010, the Court issued an Income Tax Turnover Order ("Turnover Order") directed to Debtor which required him to file all income tax returns due to be filed during the pendency of the bankruptcy

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 2

case, and to provide a signed copy of such returns to Trustee. Ex. 100.

Additionally, the Turnover Order required Debtor to "turn over to the trustee all income tax refunds now held or hereafter received by you while the case is open." *Id*. Finally, the Turnover Order placed Debtor on notice of the potential penalty which could be imposed for the willful failure to obey the order:

> LOSS OF DISCHARGE AND OTHER
> SANCTIONS: A willful failure to obey this order
> (for example a failure to file required tax returns,
> failure to provide signed copies of all tax returns
> to your trustee, or failure to surrender and turn
> over all refunds) may result in a loss of your right
> to a bankruptcy discharge of indebtedness,
> dismissal of your case without further notice to
> you and without hearing, and/or other possible
> sanctions.

*Id*. As evidenced by a certificate of service, a copy of the Turnover Order was mailed to Debtor at his home address by first class mail. BK Dkt. No. 14.[2] Debtor does not dispute that he received the Turnover Order.

Debtor's discharge was granted on June 22, 2010. BK Dkt. No. 29.

---

[2] "BK Dkt." indicates a reference to the docket in the bankruptcy case; "Adv. Dkt." refers to the adversary proceeding docket.

MEMORANDUM OF DECISION – 3

Trustee received a copy of Debtor's income tax filing for the 2009 tax year, Ex. 101, and thereafter "flagged" Debtor's return with the Internal Revenue Service. Nevertheless, Debtor's tax refund was not sent to Trustee, but rather went directly to Debtor.

In addition to receiving the Court's order, on August 5, 2010, Trustee sent a letter to Debtor demanding that he turn over his federal income tax refund. Ex. 102. The letter specified that if Debtor failed to deliver the refund, Trustee would commence an action against him to revoke his discharge. *Id*. In response, Debtor informed the Trustee by phone that he had already received and spent the tax refund. Trustee sent a second demand letter to Debtor on September 30, 2010, commanding him to pay over both the nonexempt funds in Debtor's bank account as listed on Schedule B in the amount of $19, as well as the 2009 federal income tax refund in the amount of $2,300. Ex. 103. Debtor failed to turn over the funds to Trustee.

On November 16, 2010, Trustee commenced this adversary proceeding seeking to revoke Debtor's discharge, alleging that Debtor

MEMORANDUM OF DECISION – 4

willfully failed to comply with the Court's Turnover Order directing him to turn over to Trustee any income tax refunds received during the pendency of the bankruptcy case. Adv. Dkt. No. 1. Specifically, the complaint alleged that Debtor received a tax refund for the 2009 tax year in the amount of $2,487, of which only $179 was exempt as earned income credit. Trustee alleged that he made a demand upon Debtor for the $2,308 representing property of the estate, and that Debtor had failed to turn over that amount. As a result of Debtor's conduct, Trustee prayed for revocation of his discharge, a money judgment for the $2,308 plus interest, together with $250 in costs incurred in the prosecution of the adversary proceeding, and for a judgment allowing Trustee to surcharge Debtor's exempt assets. *Id*.

Debtor filed an answer to Trustee's complaint on January 7, 2011, generally denying its allegations. Adv. Dkt. No. 7. A trial was set for March 2, 2011. Adv. Dkt. No. 9. On February 22, 2011, Trustee received a payment from Debtor in an amount sufficient to cover the 2009 federal income tax refund, the $19 balance in Debtor's bank account on petition

MEMORANDUM OF DECISION – 5

day, and the filing fee for the adversary proceeding.

The parties appeared at trial. Trustee orally withdrew his prayer for the money judgment and surcharge of Debtor's exempt property. Debtor's counsel then orally sought dismissal of the adversary complaint, or alternatively, to treat Debtor's remittance of the funds to Trustee as a compromise to settle the issues raised in the adversary proceeding. Trustee would not agree either to a dismissal of the complaint or treatment of Debtor's payments as a consummated compromise, because, Trustee believed, such would be tantamount to Debtor "buying" his bankruptcy discharge. The trial was adjourned to allow Debtor and his counsel to consider his options.

On March 31, 2011, Debtor filed a motion to dismiss the adversary proceeding; the motion was amended on April 1, 2011. Adv. Dkt. Nos. 17, 21. At an April 19, 2011, hearing, the Court orally denied the motion, and again set the adversary proceeding for trial. Adv. Dkt. No. 24.

Trial was held on July 7, 2011, after which the Court took the issues under advisement.

MEMORANDUM OF DECISION – 6

*Conclusions of Law and Disposition*

**I.**

In a chapter 7 case, a debtor may receive a discharge of debts unless the debtor has engaged in one of the acts or omissions listed in § 727(a). In this case, Trustee alleges that Debtor violated § 727(a)(6)(A), which provides:

> (6) the debtor has refused, in the case –
>     (A) to obey any lawful order of the court,
>     other than an order to respond to a
>     material question or to testify[.]

Moreover, under § 727(d)(3), once entered, a discharge may be revoked if the debtor has violated § 727(a)(6).

"A claim for denial of discharge under § 727 is construed liberally and in favor of the discharge and strictly against a person objecting to the discharge." *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (9th Cir. BAP 2005) (citing *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1342 (9th Cir. 1986)); *United States Trustee v. Hymas (In re Hymas)*, 10.4 IBCR 114, 119 (Bankr. D. Idaho 2010) (quoting *Retz v. Samson (In re Retz)*, 606 F.3d

MEMORANDUM OF DECISION – 7

1189, 1196 (9th Cir. 2010)).  The party seeking to deny a debtor's discharge bears the burden of proof, and the standard is a preponderance of the evidence.  *Grogan v. Garner*, 498 U.S. 279, 289 (1991); *Searles v. Riley (In re Searles)*, 317 B.R. 368, 376 (9th Cir. BAP 2004), *aff'd.*, 212 Fed. Appx. 589 (9th Cir. 2006).  Once a trustee produces sufficient evidence to show a basis to deny discharge under § 727(a), the burden shifts to the debtor to explain his or her behavior to the Court's satisfaction.  *Hicks v. Decker (In re Hicks)*, 2006 WL 6810987 *8 (9th Cir. BAP Feb. 1, 2006); *Fitzgerald v. Williams (In re Williams)*, 1994 WL 675628 *3 (Bankr. D. Idaho Nov. 10, 1994).

As the case law explains,

> A trustee seeking to revoke a discharge pursuant to §§ 727(d)(3) and (a)(6)(A) requires a showing that the debtor (a) was aware of the order; and (b) willfully or intentionally refused to obey the order (i.e., something more than a mere failure to obey the order through inadvertency, mistake or inability to comply).  *Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 434 (4th Cir. 2008).

*Schwarzkopf v. Goodrich (In re Michaels)*, 2009 WL 7809926 *5 (9th Cir. BAP Feb. 27, 2009).

MEMORANDUM OF DECISION – 8

Tax refunds are property of the bankruptcy estate under § 541(a), and § 521(a)(4) requires the debtor to surrender all property of the estate to Trustee. *In re Espinoza*, 03.3 IBCR 185, 186 (Bankr. D. Idaho 2003). The Turnover Order, while technically unnecessary, serves to reinforce the requirements of the Code, and resolves any confusion or ambiguity concerning the status of income tax refunds. *Id*.

## II.

In this case, it is not disputed that Debtor received a copy of the Turnover Order. Even so, Debtor intentionally cashed the income tax refund check and spent the proceeds, when he received them, rather than turning the refund check over to Trustee as ordered by the Court. The evidence also clearly indicates that while Debtor eventually did remit funds to Trustee to compensate for the spent tax refund, he only did so after receipt of two demand letters, and not until three months after Trustee commenced this adversary proceeding to revoke Debtor's discharge.

At the hearing on Debtor's amended motion to dismiss, Debtor's

MEMORANDUM OF DECISION – 9

Case 10-06091-JDP    Doc 28    Filed 08/09/11    Entered 08/10/11 07:38:08    Desc Main
Document      Page 10 of 15

counsel informed the Court that her client disputed that his failure to obey the Court's order and turn over the refund was willful. However, at the trial, despite Trustee's unchallenged proof that Debtor was aware of his obligation to give the tax refund to Trustee, Debtor offered no evidence whatsoever to prove that his actions were anything other than willful.

In particular, Trustee testified that after he sent the first demand letter to Debtor in August, 2010, Debtor called and told him that he'd received the tax refund and spent the money. Consistent with this fact, Debtor's memorandum filed in support of the motion to dismiss acknowledges that Debtor received the tax refund, arguing that Debtor needed the money and spent it on basic living expenses. While an inability to comply with the Court's Turnover Order may constitute a defense to a claim under § 727(a)(6)(A), Debtor has the burden to show that he was indigent or otherwise unable to comply with the Turnover Order. *In re Williams*, 1994 WL 675628 at *3. The record contains no affidavits, nor was any testimony presented at trial, to support any claim of his inability to comply with the Court's order.

MEMORANDUM OF DECISION – 10

The record is also devoid of evidence to indicate that Debtor did not receive or understand the Turnover Order. Rather, it appears that when he received a check for over $2,400 from the Internal Revenue Service, given his difficult financial circumstances, Debtor willfully elected to spend the money to satisfy his needs, rather than to remit the funds to Trustee for the benefit of his prebankruptcy creditors. As understandable as Debtor's choice may have seemed at the time, both he and this Court are bound by the Bankruptcy Code. In order for a debtor to take advantage of the Code's offer of a financial fresh start through debt relief, a debtor must comply with the duties the Code places upon him. In other words, Debtor may not choose to obey those commands of the Code which are acceptable to him, or accommodate his particular needs, while ignoring those sections of the Code designed for the benefit his creditors.

> The integrity of [the bankruptcy] process requires, among other things, that a debtor fully disclose all assets and liabilities when the petition is filed, provide the trustee with financial records, surrender all property of the estate to the trustee, cooperate with the trustee's administration of the estate, comply with the Bankruptcy Code's

MEMORANDUM OF DECISION – 11

>             exemption scheme, and obey the bankruptcy
>             court's lawful orders.

*Onubah v. Zamora (In re Onubah)*, 375 B.R. 549, 557 (9th Cir. BAP 2007) (internal citations omitted).

If a discharge is the carrot that Congress dangles before Debtor to encourage his compliance with his statutory responsibilities, revocation of that discharge is the stick used to punish violation of Debtor's duties. Here, the Court expressly directed Debtor to surrender any tax refunds he received, and Trustee made two demands upon him to do so, while warning Debtor of the possible consequences if he failed to turn over the tax refunds. When Trustee learned of Debtor's unauthorized use of the tax refunds, and when he persisted in failing to compensate the estate for the monies he had wrongfully spent, Trustee filed this adversary proceeding to revoke Debtor's discharge. Only then did Debtor turn the funds over to Trustee.

The rule announced today is nothing new. This Court has consistently held over the years that a debtor's willful failure to obey its

MEMORANDUM OF DECISION – 12

order to turn over income tax funds to the trustee is grounds for revocation of discharge under § 727(a)(6)(A). *In re Espinoza*, 03.3 IBCR at 187; *Fitzgerald v. Hall (In re Hall)*, Case No. 98-40036-JDP (Dkt. No. 19); *Fitzgerald v. Smith (In re Smith)*, 1995 WL 241398 (Bankr. D. Idaho 1995); *Moad v. Harper (In re Harper)*, 83 IBCR 147 (Bankr. D. Idaho 1983). While here Debtor reminds the Court that he eventually remitted the funds due to Trustee and made the bankruptcy estate whole, nothing in the Code or the case law suggests that the Court ought to deviate from its prior precedent because of Debtor's tardy decision to comply. In other words, Debtor's willful failure to heed the Court's order should not be excused because he eventually complied under threat of discharge revocation. "If the orders of this Court are to mean anything, they cannot be disregarded whenever a party feels they have sufficient 'cause' in their own mind to do so." *In re Harper*, 83 IBCR at 148.

 Finally, as a policy matter, allowing Debtor to essentially buy relief in this context cuts against the grain of the fair and efficient administration of bankruptcy cases. Indeed, a nightmarish scenario could result if others

MEMORANDUM OF DECISION – 13

acted as Debtor did here, waiting until the eleventh hour to comply with the Court's orders. Recalcitrant debtors cause the necessarily fast-track pace of chapter 7 bankruptcy cases to grind to a slow churn. The Court declines to send a message to other debtors that the Code's requirements may be ignored until the consequences of delay become sufficiently serious to warrant their compliance with turn over orders and demands.

## *Conclusion*

"[I]t is totally within the discretion of the bankruptcy court to find a particular violation of the court's order so serious as to require denial of discharge." *Devers v. Bank of Sheridan, MT (In re Devers)*, 759 F.2d 751, 755 (9th Cir. 1985). While Debtor has compensated Trustee for the spent refunds, as well as his filing fee for this action, Debtor's payment was truly "too little – too late."

///

///

///

In the exercise of its discretion, the Court concludes that Debtor's

MEMORANDUM OF DECISION – 14

discharge ought to be revoked under § 727(a)(6)(A). A separate judgment will be entered.

Dated: August 9, 2011

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge